IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD DANIELS,** : | | |
|     Petitioner : | | |
| : | | No. 1:22-cv-00850 |
| v. : | | |
| : | | (Judge Kane) |
| **WARDEN R. THOMPSON, L.S.C.I.,** : | | |
|     Respondent : | | |

## MEMORANDUM

Pending before the Court is pro se Petitioner Richard Daniels ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). For the reasons set forth below, the petition will be dismissed without prejudice as moot.

**I.      BACKGROUND**

On May 31, 2022, Petitioner filed his Section 2241 petition and paid the requisite filing fee. (Doc. No. 1.) Petitioner challenges the computation of his federal sentence. (Id.) More specifically, Petitioner contends that the Federal Bureau of Prisons ("BOP") has not properly credited his earned time credits, as required under the First Step Act. (Id. at 2, 6–7.) As for relief, Petitioner requests that the Court order the BOP to apply his earned time credits and to immediately transfer him to a halfway house. (Id. at 8.)

On June 6, 2022, the Court, inter alia, deemed the petition filed and directed the Clerk of Court to serve a copy of the petition on Respondent. (Doc. No. 3.) On June 27, 2022, Respondent filed a response to the petition, arguing that Petitioner failed to exhaust his administrative remedies before filing his petition in federal court and that, alternatively, his petition is without merit, as the computation of his federal sentence is correct. (Doc. No. 5.) On July 19, 2022, Petitioner filed a traverse. (Doc. No. 6.) And, finally, on October 5, 2022,

Petitioner filed a notice explaining that, as of October 11, 2022, he would be living at an address located in Maine, which appears to be a re-entry center. (Doc. No. 7.)

The Court has since reviewed the BOP inmate locator, which reveals that Petitioner was released from federal custody on March 13, 2023. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Petitioner, having a "Register Number" of "13251-036," was "Released On: 03/13/2023." See id. Thus, on May 16, 2023, the Court issued an Order directing Petitioner to show cause why his petition should not be dismissed as moot. (Doc. No. 8.) As demonstrated by the Court's docket, Petitioner has not filed a response to that show cause Order, and the time period for doing so has passed.

## II.     DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" see id. (citations omitted), or sentence, see Burkey v. Marberry,

2

556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on March 13, 2023, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. See id. Here, however, the Court finds that Petitioner has not demonstrated collateral consequences of his federal sentence, despite being afforded the opportunity to do so. (Doc. No. 8.) As a result, his petition is moot.

### III.   CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot. An appropriate Order follows.